*AA*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ORIGINAL

MICHIGAN PARALYZED VETERANS
OF AMERICA,

         Plaintiff,

    v.

THE UNIVERSITY OF MICHIGAN,

         Defendant.

_____/

**07 - 11702**

**SEAN F. COX**

**MAGISTRATE JUDGE PEPE**

Richard H. Bernstein   (P58551)
David M. Cohen      (P55883)
Law Offices of Samuel I. Bernstein
Attorneys for Plaintiffs
31100 Northwestern Highway
Farmington Hills, MI 48334
248-737-8400

_____/

## COMPLAINT

FILED 2007 APR 17 A 9:30

Plaintiff, Michigan Paralyzed Veterans of America state as follows:

### INTRODUCTION

1.    Plaintiff brings this action to put an end to the University of Michigan's failure to
comply with the Americans with Disabilities Act of 1990, 42 U.S.C. 12131 et seq.
("ADA"), at the University of Michigan Football Stadium.

2.    The University of Michigan is discriminating against Plaintiff, Plaintiff's members,
and others similarly situated by denying them equal access to seating at University
of Michigan Football Stadium (stadium). The discriminatory acts and omissions
include, but are not limited to, the following:

LAW OFFICES
SAMUEL I. BERNSTEIN
31100 NORTHWESTERN HIGHWAY
FARMINGTON HILLS,
MICHIGAN 48334-2519

(248) 737-8400

1

a.  The University of Michigan has undertaken costly and substantial renovations to the stadium that it knows, or should know, triggers compliance with the ADA.

b.  Under ADA guidelines, the stadium should ensure that 1% of its seats are accessible to attendees who are wheelchair users or are otherwise mobility-impaired.  Yet, less than 100 seats are currently available for the disabled out of a seating capacity of over 107,000.

c.  ADA guidelines further provide that seating be provided throughout the stadium at various locations and at various price ranges.  Currently, the stadium has disabled seating only in the end zones.

3.  By ignoring ongoing discrimination and continuing to deny equal access to the stadium for Plaintiff and others with disabilities, the Defendant treats them as second-class citizens, unjustly disregards their basic rights to equality and dignity, and causes embarrassment, humiliation, harassment and emotional distress. Therefore, Plaintiff seeks injunctive relief and declaratory relief to redress Defendant's past and continuing violation of their rights under federal law.

**JURISDICTION AND VENUE**

4.  This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331, because Plaintiff's claims arise under federal statutes, the ADA and Section 504.  In addition, this Court has jurisdiction over Plaintiff's claims for declaratory relief, pursuant to 28 U.S.C. 2201-02.

LAW OFFICES
SAMUEL I. BERNSTEIN
31100 NORTHWESTERN HIGHWAY
FARMINGTON HILLS,
MICHIGAN 48334-2519

(248) 737-8400

2

5.   Venue is proper in the Eastern District of Michigan, Southern Division, because the University of Michigan is situated within the district pursuant to 28 U.S.C. 1391, and because the events, acts, and omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

6.   Plaintiff, Michigan Paralyzed Veterans of America, is a chapter of the Paralyzed Veterans of America, and a non-profit organization based in Novi, Michigan.

7.   The Michigan Paralyzed Veterans of America has standing to bring the present cause of action.

a.  Plaintiff has many members who are physically disabled according to the definition provided by the ADA, as they are "substantially impaired in the major life activity of walking". Many of these members wish to attend football games in Michigan Stadium but are being denied their right as provided to them by the ADA.

b.  Other members of Plaintiff's group, have attended games and/or have season tickets to the stadium, but are denied enjoyment of the game through difficulties with accessibility, obstructed views, and being treated in a derogatory manner due to the lack of ADA compliant accommodation.

8.   The University of Michigan is a public entity within the meaning and definition of the ADA, as it is a public university.

LAW OFFICES
SAMUEL I. BERNSTEIN
31100 NORTHWESTERN HIGHWAY
FARMINGTON HILLS,
MICHIGAN 48334-2519

(248) 737-8400

3

### FACTUAL ALLEGATIONS

9.  The University of Michigan owns and operates the stadium, site of all home games for the University of Michigan Wolverine Football Team, University Undergraduate Education Ceremonies, and various other university wide events and other public events throughout the year.

10. The Michigan Paralyzed Veterans of America has members who would attend Michigan football games and other events held at the stadium, but they are effectively barred due to the lack of accessibility.

11. The University of Michigan entered into a Commitment to Resolve Agreement (Agreement) in 1999, with the United States Department of Education, Office for Civil Rights.  The Agreement was aimed to resolve issues regarding the lack of accessibility for the disabled.

12. The University has taken some steps to increase training and provide better signage at the stadium subsequent to this Agreement, but the major issue of improved accessibility remains unaddressed.

13. As of the filing of this Complaint, the University remains under federal investigation for failing to comply with their legal obligations to provide accessibility for disabled patrons.

14. In recent years, the University has undertaken a massive and costly rebuilding and renovation to large sections of the Stadium, including the installation of new benches, the replacement of the concrete foundation of the stadium, and other massive renovations, and plans to undertake further renovations and alterations in

LAW OFFICES
SAMUEL I. BERNSTEIN
31100 NORTHWESTERN HIGHWAY
FARMINGTON HILLS,
MICHIGAN 48334-2519

(248) 737-8400

4

the future. Such work triggers the need to comply with the higher accessibility requirements spelled out in the ADA.

15.     Specifically, the ADA provides in Section 504 at 34 C.F.R. Sec. 104.23 that each facility or part of a facility which is altered by, on behalf of, or for the use of a recipient in a manner that affects or could affect the usability of the facility or part of the facility shall, to the maximum extent feasible, be altered in such manner that the altered portion of the facility is readily accessible to and usable by an individual with a disability.

16.     Additionally, 28 C.F.R. Section 35.151 provides additional obligations triggered by the alterations to the stadium.

17.     Although built in 1927, The Stadium would, nevertheless, have a minimum obligation to be accessible to and usable to individuals with disabilities, even absent the substantial renovations that have occurred. This is more specifically defined in 34 C.F.R. Section 104.22(a); 28 C.F.R. Section 35.150(a) et seq. Yet, even this standard of compliance is not met by the University. By way of example:

a.   Only limited end zone seating is available to Disabled fans.

b.   This end zone seating fails to provide adequate companion seating, as companions are forced to sit behind loved ones, and only one companion can accompany a disabled attendee.

c.   The seats available offer compromised and/or obstructed views of the playing field.

LAW OFFICES
SAMUEL I. BERNSTEIN
31100 NORTHWESTERN HIGHWAY
FARMINGTON HILLS,
MICHIGAN 48334-2519

(248) 737-8400

d.  The seats provided in the end zone are further obstructed by constant pedestrian traffic which further obstructs the view and enjoyment of the game and/or other events at the stadium.

e.  This seating is limited to less than 100 seats, out of the 107 thousand seating capacity of the stadium.

f.  The seats available can not be accessed via ramps that meet minimal architectural guidelines for the disabled.

g.  Stadium aisles, causeways, and other passages fail to meet minimal architectural guidelines for the disabled.

h.  Restrooms remain largely inaccessible.

i.  Concession areas remain largely inaccessible

j.  The "M-Den" section of the stadium remains largely inaccessible

k.  Adequate parking for the disabled remains un-established

l.  Adequate trained staff to assist disabled patrons needs to be determined and their training updated, or in some cases initial training of staff needs to occur.

m.  Other examples of the University's failure to accommodate the disabled remain to be determined through the course of discovery.

18.  These acts and omissions by the University of Michigan violate clearly established federal law.

19.  Other complaints have been filed concerning these accessibility problems with the United States Department of Education.  Most recently, these complaints have been consolidated under claim 15-05-2023 with the United States Department of Education, Office of Civil Rights.

LAW OFFICES
SAMUEL I. BERNSTEIN
31100 NORTHWESTERN HIGHWAY
FARMINGTON HILLS,
MICHIGAN 48334-2519

(248) 737-8400

20.   The Michigan Paralyzed Veterans of America have participated in public and private meetings held by and with the University, but no resolution has been offered.

21.   The denial of basic accessibility to the stadium impedes Plaintiff, its members, and other people with disabilities from full and equal enjoyment of the rights of citizenship in a free society.  In particular, this denial results in isolation, the perpetuation of social stigmas, loneliness, and social deprivation; it produces humiliation, frustration, and low self-image; limits recreational and educational opportunities' restricts participation in numerous programs, activities, sports and services, and imposes unnecessary irrational and unlawful obstacles to enjoying the benefits available to others without disabilities.

22.   The University of Michigan has seriously injured Plaintiff, its members, and others similarly situated in other ways as well.  Plaintiff's injuries include, but are not limited to, emotional distress, time lost from education, time lost from social interaction, loss of camaraderie, and pain and suffering.

23.   On information and belief, Plaintiff alleges that the University of Michigan, through their agents and employees, have acted intentionally, willfully, in bad faith, and/or with reckless indifference for the federal legal rights of Plaintiff, its members, and other with disabilities, in committing the acts and omissions stated here.

24.   Defendant continues to discriminate against Plaintiff and others based on their disabilities, by denying plaintiff and others with equal access to the stadium, resulting in ongoing injury to plaintiff, its members, and other disabled individuals.

LAW OFFICES
SAMUEL I. BERNSTEIN
31100 NORTHWESTERN HIGHWAY
FARMINGTON HILLS,
MICHIGAN 48334-2519

(248) 737-8400

25.    Plaintiff has no adequate remedy at law. While Plaintiff reserves the right to seek monetary relief, they are not expressly doing so through this complaint. Plaintiff seeks equitable relief for Defendant's ongoing acts and omissions, as stated herein, and wishes for the stadium to be brought into compliance with the ADA.

26.    In short, the stadium is not accessible to the disabled, and as such, The University of Michigan is in violation of the American with Disabilities Act and its own announced standards of inclusion.

## COUNT 1

### VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, SPECIFICALLY, SECTION 504, 34 C.F.R., SECTION 10423 ET SEQ AND RELATED

27.    Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 26, inclusive

28.    In enacting the ADA, Congress expressly determined that society tends to isolate and segregate people with disabilities; that individuals with disabilities continually encounter prejudice and discrimination, including outright exclusion and the failure to eliminate exclusionary criteria; that this nation should assure equality of opportunity for all participation, independent living, and economic self –sufficiency to individuals with disabilities; and that continuing discrimination impedes them from competing on an equal basis and pursuing opportunities available to other citizens. 42. U.S.C. 12101(a).

29.    The express purpose of the ADA is to provide a clear and comprehensive national mandate for eliminating discrimination against individuals with disabilities; to

LAW OFFICES
SAMUEL I. BERNSTEIN
31100 NORTHWESTERN HIGHWAY
FARMINGTON HILLS,
MICHIGAN 48334-2519

(248) 737-8400

provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and to ensure that the federal government plays a central role in enforcing the standards established in the Act on behalf of individuals with disabilities 42 U.S.C. 12101 (b).

30.     The Plaintiff is composed of persons who constitute "qualified individual(s) with a disability" under the ADA.

31.     The University of Michigan is a "public entity" as defined by the ADA.

32.     Through the acts and omissions alleged here, Defendant has acted in disregard of Plaintiff's disabilities, excluded Plaintiff and its members from access to sports programs, graduation ceremonies, services, and other activities, and subjected them to discrimination, in violation of the ADA.

33.     Defendant's acts and omissions are in violation of the equal access and nondiscrimination requirements set forth in Title II of the ADA, and the regulations promulgated thereunder, and have resulted in injury to Plaintiff and its members.

34.     Defendant's acts and omissions constitute an ongoing and continuous violation of Title II of the ADA. Unless restrained and enjoined from doing so, Defendant will continue to violate this statute and to inflict irreparable injuries for which Plaintiff has no adequate remedy at law.

35.     The American's with Disabilities Act Accessibility Guidelines for Buildings and Facilities (ADAAG) defines the term "Alteration" as utilized within the ADA.

36.     The ADAAG states in relevant part that an alteration is a change to a building or facility made by, on behalf of, or for the use of a public accommodation or commercial facility, that affects or could affect the usability of the building or

LAW OFFICES
SAMUEL I. BERNSTEIN
31100 NORTHWESTERN HIGHWAY
FARMINGTON HILLS,
MICHIGAN 48334-2519

(248) 737-8400

9

facility or part thereof. Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic changes or rearrangement in the plan configuration of walls and full-height partitions.

37.    The University of Michigan has been engaging in ongoing renovations and an essential rebuilding of the stadium since at least 1991. The stadium has seen the replacement of whole sections of seating and underlying concrete in 1991, 1992, 1994, 1995, 1998 and subsequently.

38.    Other recent alterations include, but are not limited to, the placement of the "halo" around the stadium, and the subsequent removal of the "halo" from the stadium due to its lack of popularity.

39.    The University plans continued massive renovations including the construction of luxury boxes and the erection of a new scoreboard.

40.    Upon information and belief, the cost of these renovations totals in the hundreds of millions of dollars. Even indexed for present day value, the renovations and alterations are a great many times the cost of the original stadium construction in 1927.

41.    Upon information and belief, this rebuilding of the stadium was intentionally staggered so as to mask the nature of the extensive renovation and attempt to avoid responsibility to comply with the ADA and ADAAG.

42.    The University of Michigan entered into a Commitment to Resolve Agreement (Agreement) in 1999 with the United States Department of Education, Office for Civil Rights. The Agreement was aimed to resolve issues regarding the lack of

LAW OFFICES
SAMUEL I. BERNSTEIN
31100 NORTHWESTERN HIGHWAY
FARMINGTON HILLS,
MICHIGAN 48334-2519
———
(248) 737-8400

accessibility for the disabled, amid the clear evidence that the University was intentionally avoiding its legal obligations under the ADA to the disabled.

43. The University of Michigan continues to denigrate its disabled students, alumni, boosters, and fans by avoiding its obligations to comply with the ADA. Intentionally delaying the implementation of disability accommodations, masking major reconstructions efforts, and seeking delays in resolving this issue at every juncture.

44. The massive rebuilding of the stadium, through the demolition of old concrete, pouring of a new concrete foundation, replacement of seats, planned construction of luxury boxes, and other massive projects which will become more clearly defined through discovery, all constitute individually and collectively a "substantial alteration" under the Uniform Federal Accessibility Standards (UFAS).

45. The UFAS provides that major alterations, such as those detailed above, trigger additional obligations to add accessible seating and to increase the accessibility of other parts of the stadium, such as routes, restrooms, and entrances.  UFAS 4.1.6(3).

46. As stated above, the University has failed to comply with even the most minimal provisions of the Americans with Disabilities Act Architectural Guidelines, and is woefully in violation of their obligations to provide accommodation.

WHEREFORE, plaintiff requests the relief set forth below.

LAW OFFICES
SAMUEL I. BERNSTEIN
31100 NORTHWESTERN HIGHWAY
FARMINGTON HILLS,
MICHIGAN 48334-2519

(248) 737-8400

11

## **PRAYER FOR RELIEF**

Plaintiff prays for the following relief:

47.  A declaration that the University of Michigan's acts and omissions unlawfully violate plaintiff's rights under the American's with Disabilities Act of 1990 (ADA), ADAAG guidelines, and the Uniform Federal Accessibility Standards (UFAS).

48.  An injunction restraining the University of Michigan from receiving further federal funding unless and until it actually provides individuals with disabilities with full and equal access to its stadium

49.  An injunction restraining the University of Michigan from proceeding with any further construction at the stadium unless and until it actually provides individuals with disabilities with full and equal access to its stadium, and allows Plaintiff, or Plaintiff's representative to review all plans and drawings prior to construction.

50.  A further injunction requiring the University of Michigan to provide individuals with disabilities with full and equal access to its stadium, and restraining the University of Michigan from discriminating against individuals with disabilities who wish to utilize and attend the stadium.

51.  Although Plaintiff seeks no compensatory damages at this time, Plaintiff wishes to reserve the right to amend and request compensatory damages should it become necessary to encourage the University to comply with federal law.

52.  Although Plaintiff seeks no actual attorney's fees or costs, Plaintiff wishes to reserve the right to amend and request attorney's fees and costs should it become necessary to encourage the University to comply with Federal law.

LAW OFFICES
SAMUEL I. BERNSTEIN
31100 NORTHWESTERN HIGHWAY
FARMINGTON HILLS,
MICHIGAN 48334-2519

(248) 737-8400

12

53.    All other relief that this Court deems just and proper.

Respectfully submitted,
By Richard Bernstein
Richard H. Bernstein (P58551)
LAW OFFICES OF SAMUEL I. BERNSTEIN
Attorneys for Plaintiffs
31100 Northwestern Highway
Farmington Hills, MI 48334
(248) 737-8400
(248) 737-4392 (facsimile)

Dated:  April 16, 2007

LAW OFFICES
SAMUEL I. BERNSTEIN
31100 NORTHWESTERN HIGHWAY
FARMINGTON HILLS,
MICHIGAN 48334-2519

(248) 737-8400

JS 44 (11/04)

# CIVIL COVER SHEET
County in which this action arose WASHTENAW

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MICHIGAN PARALYZED VETERANS OF AMERICA

**(b)** County of Residence of First Listed Plaintiff OAKLAND
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard H. Bernstein (P58551) (248) 865-0875
Law Offices of Samuel I. Bernstein
31100 Northwestern Hwy, Farmington Hills, MI 48334

## DEFENDANTS
THE UNIVERSITY OF MICHIGAN

**07 - 11702**

County of Residence of First Listed Defendant WASHTENAW
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**SEAN F. COX**

Attorneys (If Known)
**MAGISTRATE JUDGE PEPE**

## II. BASIS OF JURISDICTION (Select One Box Only)
☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

446

## V. ORIGIN (Select One Box Only)
☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
THE AMERICANS WITH DISABILITIES ACT OF 1990
Brief description of cause:
Complaint seeks to have Defendant comply with ADA regarding stadium accessibility

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Equitable Relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE April 16, 2007
SIGNATURE OF ATTORNEY OF RECORD *Richard Bernstein*

### FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.    Is this a case that has been previously dismissed?    ☐ Yes
      ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.    Other than stated above, are there any pending or previously    ☐ Yes
      discontinued or dismissed companion cases in this or any other    ☑ No
      court, including state court? (Companion cases are matters in which
      it appears substantially similar evidence will be offered or the same
      or related parties are present and the cases arise out of the same
      transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :