IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN PARALYZED VETERANS
OF AMERICA,

    Plaintiff,

vs.

THE UNIVERSITY OF MICHIGAN,

    Defendant.

Case No. 07-11702
Honorable Sean F. Cox
Magistrate Judge Pepe

| LAW OFFICES OF SAMUEL I. BERNSTEIN | BUTZEL LONG, PC |
|---|---|
| RICHARD H. BERNSTEIN (P58551) | KEEFE A. BROOKS (P31680) |
| DAVID M. COHEN (P55883) | KATHERINE D. GOUDIE (P62806) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 31100 Northwestern Highway | Stoneridge West |
| Farmington Hills, Michigan 48334 | 41000 Woodward Avenue |
| (248) 737-8400 | Bloomfield Hills, Michigan 48304 |
| | (248) 258-1616 |

## **ANSWER AND AFFIRMATIVE DEFENSES**

Defendant The University of Michigan, by its attorneys Butzel Long, for its Answer to Plaintiff's Complaint, states as follows:

1.    The allegations of paragraph 1 are neither admitted nor denied for the reason that Plaintiff's Complaint, in its entirety, is the best evidence of its contents, except that Defendant denies as untrue any allegation that Defendant has failed to comply with the ADA. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the American with Disabilities Act of 1990 ("ADA") and has at all times afforded persons with disabilities

full and complete access to football games and other events held at the University of Michigan football stadium.

2.   The allegations of paragraph 2 are denied as untrue. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with disabilities full and complete access to football games and other events held at the University of Michigan football stadium. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability. Further answering, the subparts contained in this paragraph refer to ADA guidelines which do not apply to the University of Michigan football stadium, having been constructed in 1927, some 65 years prior to enactment of the ADA.

3.   The allegations of paragraph 3 are denied as untrue. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with disabilities full and complete access to football games and other events held at the University of Michigan football stadium. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability. In addition to event access, the University provides parking for persons with disabilities in close proximity to the stadium, shuttles are available for persons with mobility impairments, accessible

routes, restrooms and concessions are available, and well-trained ushers closely guard the accessible seating areas and otherwise assist stadium patrons who have special needs.

4. The allegations of paragraph 4 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied.

5. The allegations of paragraph 5 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied.

6. The allegations of paragraph 6 are neither admitted nor denied for lack of sufficient knowledge or information on which to form a belief as to the truth thereof.

7. The allegations of paragraph 7 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied. To the extent the allegations of paragraph 7 contain assertions of fact, they are denied as untrue. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with disabilities full and complete access to football games and other events held at the University of Michigan football stadium.

8. The allegations of paragraph 8 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied.

9. The allegations of paragraph 9 are denied in the manner and form alleged for the reason that the stadium is not used "throughout the year," but rather for University football events and graduation ceremonies.

10. The allegations of paragraph 10 are denied as untrue. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with disabilities full and complete access to football games and other events held at the University of Michigan football stadium. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability.

11. In answer to the allegations of paragraph 11, Defendant admits only to execution of the referenced Agreement, which Agreement, in its entirety, is the best evidence of its contents, and denies as untrue any allegations to the contrary. Further answering, Defendant avers that the voluntary agreement entered into in 1999 found no violation of any law or regulation on the part of the University.

12. The allegations of paragraph 12 are, in the manner and form alleged, denied as untrue, except that Defendants admits that it has fully complied with the 1999 Agreement. Further answering, Defendant denies as untrue any allegation that there is an issue of "accessibility" at the stadium for the reasons stated above.

13. The allegations of paragraph 13 are, in the manner and form alleged, denied as untrue. Further answering, Defendant admits that the U.S. Department of Education, Office of Civil Rights ("OCR"), has an open file regarding the untrue allegations made by Plaintiff. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with disabilities full and complete access to football games

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

and other events held at the University of Michigan football stadium. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability.

14. The allegations of paragraph 14 are, in the manner and form alleged, denied as untrue, except that Defendant admits that it has over the past several years undertaken a number of maintenance and repair projects involving the stadium. Further answering, Defendant avers that these maintenance and repair projects do not constitute "alterations" under the ADA and Defendant denies as untrue any allegations to the contrary. Further answering, Defendant avers that the OCR was fully aware of these maintenance and repair projects when the 1999 voluntary Agreement was entered into, again with no finding by the OCR of any violation of any law or regulation on the part of the University.

15. The allegations of paragraph 15 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied. Further answering, Defendant avers that it has over the past several years undertaken a number of maintenance and repair projects involving the stadium, which maintenance and repair projects do not constitute "alterations" under the ADA and Defendant denies as untrue any allegations to the contrary. Further answering, Defendant avers that the OCR was fully aware of these maintenance and repair projects when the 1999 voluntary Agreement was entered into, again with no finding by the OCR of any violation of any law or regulation on the part of the University.

16. The allegations of paragraph 16 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied. Further answering, Defendant avers that it has over the past several years undertaken a number of maintenance and repair projects involving the stadium, which maintenance and repair projects do not constitute "alterations" under the ADA and Defendant denies as untrue any allegations to the contrary. Further answering, Defendant avers that the OCR was fully aware of these maintenance and repair projects when the 1999 voluntary Agreement was entered into, again with no finding by the OCR of any violation of any law or regulation on the part of the University.

17. The allegations of paragraph 17 are denied as untrue. Further answering, Defendant avers that it has voluntarily constructed and installed accessible seating at the stadium, along with companion seating, accessible restrooms, parking and other accessible amenities. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability. In addition to event access, the University provides parking for persons with disabilities in close proximity to the stadium, shuttles are available for persons with mobility impairments, accessible routes, restrooms and concessions are available, and well-trained ushers closely guard the accessible seating areas and otherwise assist stadium patrons who have special needs.

18. The allegations of paragraph 18 are denied as untrue.

19.   The allegations of paragraph 19 are, in the manner and form alleged, denied as untrue. Further answering, Defendant admits that the U.S. Department of Education, Office of Civil Rights, has an open file regarding the untrue allegations made by Plaintiff. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with disabilities full and complete access to football games and other events held at the University of Michigan football stadium. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability.

20.   The allegations of paragraph 20 are, in the manner and form alleged, denied as untrue, except that Defendant admits that it has met with representatives of Plaintiff to discuss issues pertaining to the matters raised in Plaintiff's Complaint. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with disabilities full and complete access to football games and other events held at the University of Michigan football stadium. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability.

21.   The allegations of paragraph 21 are denied as untrue. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with

disabilities full and complete access to football games and other events held at the University of Michigan football stadium. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability. In addition to event access, the University provides parking for persons with disabilities in close proximity to the stadium, shuttles are available for persons with mobility impairments, accessible routes, restrooms and concessions are available, and well-trained ushers closely guard the accessible seating areas and otherwise assist stadium patrons who have special needs.

22. The allegations of paragraph 22 are denied as untrue.

23. The allegations of paragraph 23 are denied as untrue. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with disabilities full and complete access to football games and other events held at the University of Michigan football stadium. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability. In addition to event access, the University provides parking for persons with disabilities in close proximity to the stadium, shuttles are available for persons with mobility impairments, accessible routes, restrooms and concessions are available, and well-trained ushers closely

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

guard the accessible seating areas and otherwise assist stadium patrons who have special needs.

24.   The allegations of paragraph 24 are denied as untrue. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the American with Disabilities Act of 1990 and has at all times afforded persons with disabilities full and complete access to football games and other events held at the University of Michigan football stadium. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability. In addition to event access, the University provides parking for persons with disabilities in close proximity to the stadium, shuttles are available for persons with mobility impairments, accessible routes, restrooms and concessions are available, and well-trained ushers closely guard the accessible seating areas and otherwise assist stadium patrons who have special needs.

25.   To the extent the allegations of paragraph 25 purport to contain allegations of fact, same are denied as untrue. To the extent the allegations of paragraph 25 purport to characterize Plaintiff's Complaint, said allegations are neither admitted nor denied for the reason that Plaintiff's Complaint, in its entirety, is the best evidence of its contents.

26.   The allegations of paragraph 26 are denied as untrue. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA has at all times afforded persons with

9

disabilities full and complete access to football games and other events held at the University of Michigan football stadium. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability. In addition to event access, the University provides parking for persons with disabilities in close proximity to the stadium, shuttles are available for persons with mobility impairments, accessible routes, restrooms and concessions are available, and well-trained ushers closely guard the accessible seating areas and otherwise assist stadium patrons who have special needs.

## **COUNT I**

27. Defendant incorporates by reference all of its answers as set forth in paragraphs 1-26 above.

28. The allegations of paragraph 28 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with disabilities full and complete access to football games and other events held at the University of Michigan football stadium.

29. The allegations of paragraph 29 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied. Further answering, Defendant University of Michigan avers that it has at all times fully

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

complied with the provisions of the ADA and has at all times afforded persons with disabilities full and complete access to football games and other events held at the University of Michigan football stadium.

30. The allegations of paragraph 30 are neither admitted nor denied for lack of sufficient knowledge or information on which to form a belief as to the truth thereof.

31. The allegations of paragraph 31 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied.

32. The allegations of paragraph 32 are denied as untrue. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with disabilities full and complete access to football games and other events held at the University of Michigan football stadium.  As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability.  In addition to event access, the University provides parking for persons with disabilities in close proximity to the stadium, shuttles are available for persons with mobility impairments, accessible routes, restrooms and concessions are available, and well-trained ushers closely guard the accessible seating areas and otherwise assist stadium patrons who have special needs.

33. The allegations of paragraph 33 are denied as untrue.  Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with

disabilities full and complete access to football games and other events held at the University of Michigan football stadium. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability. In addition to event access, the University provides parking for persons with disabilities in close proximity to the stadium, shuttles are available for persons with mobility impairments, accessible routes, restrooms and concessions are available, and well-trained ushers closely guard the accessible seating areas and otherwise assist stadium patrons who have special needs.

34. The allegations of paragraph 34 are denied as untrue. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with disabilities full and complete access to football games and other events held at the University of Michigan football stadium. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability. In addition to event access, the University provides parking for persons with disabilities in close proximity to the stadium, shuttles are available for persons with mobility impairments, accessible routes, restrooms and concessions are available, and well-trained ushers closely guard the accessible seating areas and otherwise assist stadium patrons who have special needs.

35. The allegations of paragraph 35 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied. Further answering, Defendant denies as untrue any allegation that ADAAG guidelines have any applicability of the University's stadium facility.

36. The allegations of paragraph 36 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied. Further answering, Defendant avers that it has over the past several years undertaken a number of maintenance and repair projects involving the stadium, which maintenance and repair projects do not constitute "alterations" under the ADA and Defendant denies as untrue any allegations to the contrary. Further answering, Defendant avers that the OCR was fully aware of these maintenance and repair projects when the 1999 voluntary Agreement was entered into, again with no finding by the OCR of any violation of any law or regulation on the part of the University. Further answering, Defendant denies as untrue any allegation that ADAAG guidelines have any applicability of the University's stadium facility.

37. The allegations of paragraph 37 are, in the manner and form alleged, denied as untrue, except that Defendant admits that it has over the past several years undertaken a number of maintenance and repair projects involving the stadium, which maintenance and repair projects commenced prior to enactment of the ADA, and which maintenance and repair projects do not constitute "alterations" under the ADA and Defendant denies as untrue any allegations to the contrary. Further answering, Defendant avers that the OCR was fully aware of these maintenance and repair projects when the 1999 voluntary Agreement was entered into, again with no

13

finding by the OCR of any violation of any law or regulation on the part of the University.

38. The allegations of paragraph 38 are neither admitted nor denied for the reason that same are too vague and illusory to allow for any meaningful response.

39. The allegations of paragraph 39 are, in the manner and form alleged, denied as untrue, except that Defendant admits that it has under consideration plans for certain expansion projects involving certain portions of the stadium. Further answering, Defendant avers that if and to the extent it proceeds with any of these future projects, it will comply in all respects with the ADA.

40. The allegations of paragraph 40 are neither admitted nor denied for the reason that same are too vague and illusory to allow for any meaningful response.

41. The allegations of paragraph 41 are denied as untrue. Further answering, Defendant avers that it has over the past several years undertaken a number of maintenance and repair projects involving the stadium, which maintenance and repair projects do not constitute "alterations" under the ADA and Defendant denies as untrue any allegations to the contrary. Further answering, Defendant avers that the OCR was fully aware of these maintenance and repair projects when the 1999 voluntary Agreement was entered into, again with no finding by the OCR of any violation of any law or regulation on the part of the University. Further answering, Defendant denies as untrue any allegation that ADAAG guidelines have any applicability of the University's stadium facility.

42. In answer to the allegations of paragraph 42, Defendant denies as untrue the Plaintiff's characterization of the 1999 voluntary Agreement and Defendant

admits only to execution of the referenced Agreement, which Agreement, in its entirety, is the best evidence of its contents. Further answering, Defendant avers that the voluntary Agreement entered into in 1999 found no violation of any law or regulation on the part of the University and that the University has at all times complied with the 1999 Agreement.

43. The allegations of paragraph 43 are denied as untrue. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with disabilities full and complete access to football games and other events held at the University of Michigan football stadium. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability. In addition to event access, the University provides parking for persons with disabilities in close proximity to the stadium, shuttles are available for persons with mobility impairments, accessible routes, restrooms and concessions are available, and well-trained ushers closely guard the accessible seating areas and otherwise assist stadium patrons who have special needs.

44. The allegations of paragraph 44 are denied as untrue. Further answering, Defendant avers that it has over the past several years undertaken a number of maintenance and repair projects involving the stadium, which maintenance and repair projects do not constitute "alterations" under the ADA or UFAS and Defendant denies as untrue any allegations to the contrary. Further answering,

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

Defendant avers that the OCR was fully aware of these maintenance and repair projects when the 1999 voluntary Agreement was entered into, again with no finding by the OCR of any violation of any law or regulation on the part of the University.

45.   The allegations of paragraph 45 constitute legal conclusions of the pleader, the accuracy and/or applicability of which are neither admitted nor denied. Further answering, Defendant avers that it has over the past several years undertaken a number of maintenance and repair projects involving the stadium, which maintenance and repair projects do not constitute "alterations" under the ADA or UFAS and Defendant denies as untrue any allegations to the contrary. Further answering, Defendant avers that the OCR was fully aware of these maintenance and repair projects when the 1999 voluntary Agreement was entered into, again with no finding by the OCR of any violation of any law or regulation on the part of the University.

46.   The allegations of paragraph 46 are denied as untrue. Further answering, Defendant University of Michigan avers that it has at all times fully complied with the provisions of the ADA and has at all times afforded persons with disabilities full and complete access to football games and other events held at the University of Michigan football stadium. As of the date of this Answer and Affirmative Defenses, Defendant is unaware of any single occurrence where a person with a disability sought to attend an event at the stadium and was either denied a ticket or otherwise denied access based on any disability. In addition to event access, the University provides parking for persons with disabilities in close proximity to the stadium, shuttles are available for persons with mobility impairments, accessible

routes, restrooms and concessions are available, and well-trained ushers closely guard the accessible seating areas and otherwise assist stadium patrons who have special needs.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, or alternatively, that a Judgment of no cause for action be entered in favor of it and against Plaintiff, with costs and attorneys fees to be awarded as allowed by law. Defendant further prays that all of the relief sought by Plaintiff's Complaint be denied.

Respectfully submitted,

BUTZEL LONG, P.C.

__\s\ Keefe A. Brooks_____
Keefe A. Brooks (P31680)
Katherine D. Goudie (P62806)
Attorneys for Defendant
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI  48304
(248) 258-1616
brooks@butzel.com

Date:  May 21, 2007

**<u>AFFIRMATIVE DEFENSES</u>**

Defendant The University of Michigan, by its attorneys Butzel Long, for and as its Affirmative Defenses, states as follows:

1. Plaintiff lacks standing to bring the claim alleged in the Complaint.

17

2. Some or all of Plaintiff's claims are or may be barred by the Eleventh Amendment to the Constitution of the United States of America.

3. Plaintiff's claims are or may be barred in whole or a part by the provisions of 42 U.S.C. § 1981a(b) or any other similar statutory limitation on remedies.

4. Plaintiff's claims fail to state a cause of action against Defendant upon which relief can be granted.

5. To the extent that the allegations of Plaintiff's Complaint raise claims beyond the applicable statutes of limitation, such claims are barred.

6. Plaintiff's Complaint is or may be barred in whole or in part by the doctrines of estoppel and/or laches.

7. Plaintiff's Complaint is or may be barred in whole or in part because Defendant acted at all times for legitimate, nondiscriminatory business reasons.

8. There is no private right of action under the ADA for some or all of the relief requested in Plaintiff's Complaint.

9. Defendant reserves the right, upon completion of its investigation and discovery, to amend these Affirmative Defenses as may be appropriate.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, or alternatively, that a Judgment of no cause for action be entered in favor of it and against Plaintiff, with costs and attorneys fees to be awarded as allowed by law. Defendant further prays that all of the relief sought by Plaintiff's Complaint be denied.

Respectfully submitted,

BUTZEL LONG, P.C.

\s\ Keefe A. Brooks
Keefe A. Brooks (P31680)
Katherine D. Goudie (P62806)
Attorneys for Defendant
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI  48304
(248) 258-1616
brooks@butzel.com

Date:  May 21, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury that he served a copy of the foregoing Answer and Affirmative Defenses on May 21, 2007 on all counsel of record in accordance with this Court's policies and procedures for service of electronically filed documents.

BUTZEL LONG, P.C.

\s\ Keefe A. Brooks
Keefe A. Brooks (P31680)
Katherine D. Goudie (P62806)
Attorneys for Defendant
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI  48304
(248) 258-1616
brooks@butzel.com

Date:  May 21, 2007